**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL JIMENEZ-GODINEZ,<br>Petitioner,<br>v.<br>WARDEN of Desert View Detention Facility, et al.,<br>Respondents. | Case No. 5:26-cv-06424-PA (SK)<br><br>**ORDER CONDITIONALLY GRANTING HABEAS PETITION IN PART (Bond Hearing)**<br><br>A File No. 222-570-788 |

Petitioner Rafael Jimenez-Godinez is a citizen of Mexico detained at the Adelanto Desert View Detention Facility since October 12, 2026. He does not allege that he has was encountered by immigration authorities before then, nor does he claim that he has been previously apprehended but released on bond or parole. He also alleges no facts suggesting he has criminal history. Petitioner is thus entitled to a prompt bond hearing before an immigration judge because noncriminal "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C.] § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of

detention.”). “A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community.” *Rodriguez Vazquez*, 183 F.4th at 1167 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)).

Based on the foregoing facts and law, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED IN PART to the extent that it seeks “legally appropriate relief, including a required custody review [or] a lawful redetermination” of his custody status. (ECF 1 at 6). Respondents are therefore ordered to release petitioner RAFAEL JIMENEZ-GODINEZ (A # 222-570-788) within 7 days of this order, unless he is provided a prompt custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a).[1] Judgment conditionally granting the writ of habeas corpus on those terms only will be entered accordingly. Meanwhile, the emergency motion for a temporary restraining order (ECF 2) is DENIED as moot.

IT IS SO ORDERED.

DATED: November 1, 2026

/ S /
PERCY ANDERSON
United States District Judge

[1] Nothing in this order, however, is intended to preempt an immigration judge’s ordinary discretion to continue the hearing after the seventh day for a reasonable period based on a valid showing of good cause—including a request by petitioner for more time to secure appearance of immigration counsel or to marshal documentary evidence. *See, e.g.*, 8 C.F.R. § 1003.29.

PRESENTED BY:

STEVE KIM
United States Magistrate Judge